UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**LEE F. HANKINS**                                            **CIVIL ACTION**

**VERSUS**                                                     **NO. 15-2494**

**YELLOW FIN MARINE SERVICES, LLC**                            **SECTION "B"(1)**

ORDER AND REASONS

On October 14, 2016, after Pro Se Plaintiff Hankins failed to submit a proposed pre-trial order in accordance with this Court's instructions, this Court ordered Plaintiff to file written reasons within fourteen days explaining why his case should not be dismissed for failure to prosecute. Rec. Doc. 39. The pre-trial conference and trial scheduled for October 13, 2016 and November 7, 2016, respectively, were continued. In response to the Order, this Court received a handwritten letter from Plaintiff on October 27, 2016. Rec. Doc. 40. In the letter, Plaintiff makes several claims.

First, he argues that his lawyers should not have been allowed to drop his case. Rec. Doc. 40 at 1. On January 22, 2016, Plaintiff's former lawyers, Paul M. Sterbcow, Beth E. Abramson, and Steve Waldman, moved to be withdrawn as counsel of record. Rec. Doc. 19. In the motion, the lawyers explained that they sent a letter to Plaintiff detailing the deadlines that he would be subject to, that the pre-trial order would include certain

deadlines, and that he would be "required to comply with the Order as if [he was] represented by an attorney." *Id.* at 2. Plaintiff signed a document in which he agreed that Steve Waldman, the attorney with whom Plaintiff had directly interacted, may withdraw. Rec. Doc. 19-1. The signed document also provided that

> I understand this means my lawsuit will continue to be pending in federal court, and I will have no legal representation unless I hire another attorney. I understand there are numerous rules that are difficult for non-lawyers to manage, but with that knowledge, I am giving my consent for Mr. Waldman to withdraw as my attorney.

In the motion, the lawyers explained that they wished to withdraw "because circumstances ha[d] arisen which prevent[ed] their continued representation of Plaintiff. Such circumstances cannot be explained in a document that is filed as a public record." Rec. Doc. 19 at 3. In response, on January 28, 2016, this Court ordered Plaintiff's counsel to submit a written explanation of the circumstances surrounding the requested withdrawal for an *in camera* inspection. Rec. Doc. 20. On February 12, 2016, after reviewing the lawyers' explanation, this Court granted the motion to withdraw and warned Plaintiff that if he chose to proceed *pro se*, "his failure to comply with the federal rules and court orders may lead to dismissal of his case. *See Price v. McGlathery*, 792 F.2d 472, 474 (5th Cir. 1986)." Rec. Doc. 21.

Second, he states that there was supposedly a settlement, but when he asked Defendant for a copy of the settlement, "they went

to the Court." Rec. Doc. 40 at 1. Prior to this Court's Order requiring Plaintiff to submit written reasons why his case should not be dismissed, Defendant, Yellow Fin Marine Services, LLC, filed a "Motion to Enforce Settlement Agreement." Rec. Doc. 36. In the accompanying memorandum, Defendant explained that the parties agreed during a July 8, 2016 telephone conference to settle the parties' claims. Rec. Doc. 36-1 at 2. Defense counsel then purportedly prepared settlement documents that were sent to Plaintiff on July 1, 2016. *Id.* When Defense counsel had not heard from Plaintiff by August 25, 2016, he contacted Plaintiff, who allegedly stated "that he had signed and mailed the settlement documents back to undersigned but that mail in his prison is sometimes slow." *Id.*[1] Again, Defense counsel waited a month for the return of the settlement documents. *Id.* When they had not been received by September 20, 2016, he again called Plaintiff, who again confirmed that he had returned the documents. *Id.* As a precaution, the documents were re-sent to Plaintiff on September 22, 2016. *Id.* at 3. On October 7, 2016, Defense counsel received a handwritten letter from Plaintiff stating that he was "not aware of any settlement agreement." *Id.* It appears to this Court that Plaintiff was given several opportunities to reach a settlement agreement with Defendant.

---

[1] To support this contention, defense counsel attached to the motion his own affidavit. Rec. Doc. 36-4. Included with this affidavit is a transcript of the September 20, 2016 conversation. *Id.*

Finally, Plaintiff informs the Court that he will soon have access to a "real law library" and would like to proceed. Rec. Doc. 40 at 2. However, at no point does Plaintiff explain his failure to prosecute his claims, despite acknowledged warnings from his own counsel, inform the Court of his new contact information in accordance with a Court Order (Rec. Doc. 24), to comply with this Court's standing pre-trial order instructions (Rec. Doc. 23-1), or to file a timely motion to continue the pre-trial conference and/or trial. Plaintiff was repeatedly warned that his failure to comply with federal rules and court orders may lead to dismissal of his case. *See* Rec. Doc. 21 (citing *Price*, 792 F.2d at 474); Rec. Doc. 24 (citing FED. R. CIV. P. 41(b)); Rec. Doc. 37 (citing FED. R. CIV. P. 41(b)); Rec. Doc. 39 (citing FED. R. CIV. P. 41(b); *Beard v. Experian Info. Sols. Inc.*, 214 Fed. App'x 459, 462 (5th Cir. 1981) (affirming dismissal of a *pro se* plaintiff's claims due to his failure to prosecute). Having repeatedly failed to comply with this Court's orders and having failed to provide sufficient reasons for these failures,

**IT IS ORDERED** that all of Plaintiff's claims against Defendant are hereby **DISMISSED WITHOUT PREJUDICE.**

New Orleans, Louisiana, this 9th day of November, 2016.

_____
SENIOR UNITED STATES DISTRICT JUDGE